PER CURIAM.
Appellants-homeowners appeal the trial court's determination that section 163.04, Florida Statutes (1987), was inapplicable to a real estate development’s declaration of covenants and restrictions, the enforcement of which was the responsibility of appellee-homeowners association. We affirm.
Appellants applied to the architectural control committee of appellee for permission to install solar panels for heating pools on the roofs of their homes. The committee denied them permission. Despite the denial, appellants installed the solar heating panels, occasioning appellee’s present action for declaratory judgment and injunc-tive relief. Appellee contended that the aesthetic nature of the community was being eroded by appellants’ acts; and that there had been a breach of the structural and watertight integrity of the roofs. It further claimed the authority to regulate the external appearance, use and maintenance of each lot and improvements to it, and moved for entry of partial summary judgment on the ground that section 163.-04, Florida Statutes (1987), was inapplicable to appellee. The trial court granted appellee’s motion and subsequently entered final judgment upon that single issue, saying:
1. Section 163.04, Florida Statutes (1987), does not prohibit the enforcement of the Declaration of Covenants and Restrictions for the RIDGE OF THE BLUFFS, and in particular the Declaration’s application and approval requirements.
Section 163.04, Florida Statutes (1987), provides:
163.04 Energy devices based on renewable resources. — N otwithstanding any provision of this chapter or other provision of general or special law, the adoption of an ordinance by a governing body, as those terms are defined in this chapter, which prohibits or has the effect of prohibiting the installation of solar collectors, clotheslines, or other energy devices based on renewable resources is expressly prohibited. However, this provision shall not extend to building codes. No plat or subdivision plan shall be approved or renewed, nor shall the dedication of any street or other ground be accepted, if the deed restrictions, covenants, or similar binding agreements running with the land for the lots or parcels covered by the plat or subdivision prohibit or have the effect of prohibiting solar collectors, clotheslines, or other energy devices based on renewable resources from being installed on buildings erected on the lots or parcels covered by the plat or subdivision. In any litigation arising under the provisions of this section, the prevailing party shall be entitled to costs and reasonable attorney’s fees. The legislative intent in enacting these provisions is to protect the public health, safety, and welfare by encouraging the development and use of renewable re *897 sources in order to conserve and protect the value of land, buildings, and resources by preventing the adoption of measures which will have the ultimate effect, however unintended, of driving the costs of owning and operating commercial or residential property beyond the capacity of private owners to maintain. This section shall not apply to patio railings in condominiums, cooperatives, or apartments.
As written, this section regulates governing bodies, which, in turn, are defined under section 163.3164(8), Florida Statutes (1987), as follows:
“Governing body” means the board of county commissioners of a county, the commission or council of an incorporated municipality, or any other chief governing body of a unit of local government, however designated, or the combination of such bodies where joint utilization of the provisions of this act is accomplished as provided herein.
Section 163.340(3), Florida Statutes (1987), also defines a governing body as meaning “the council or other legislative body charged with governing the county or municipality.” Taken altogether, the statutes reflect an intent to regulate political entities, not homeowners associations.
GLICKSTEIN, GUNTHER and GARRETT, JJ., concur.